IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

NORMA JEAN WILLIAMS                                                              PLAINTIFF


v.                        CIVIL NO. 2:15-cv-2112-MEF


CAROLYN W. COLVIN, Commissioner
Social Security Administration                                                   DEFENDANT

## MEMORANDUM OPINION AND ORDER

Pending now before this Court is Plaintiff's Motion for Attorney Fees Under the Equal Access to Justice Act ("EAJA"). ECF Nos. 15, 16. The matter is before the undersigned by consent of the parties. ECF No. 6.

**I.      Background:**

On October 11, 2016, Plaintiff filed a motion for attorney's fees and costs under 28 U.S.C. § 2412, the Equal Access to Justice Act (hereinafter "EAJA"), requesting $5,623.29 representing a total of 29.75 attorney hours for work performed in 2015 and 2016 at an hourly rate of $187.00, and $23.29 in postage expense. ECF No. 15, 16. On October 19, 2016, the Commissioner filed a response objecting to the number of attorney hours for which the Plaintiff seeks compensation. ECF No. 18. Although ordered to file a response, the Plaintiff failed to do so.

**II.     Applicable Law:**

Pursuant to 28 U.S.C. § 2412(d)(1)(A), the court must award attorney's fees to a prevailing social security claimant unless the Commissioner's position in denying benefits was substantially justified. The burden is on the Commissioner to show substantial justification for the government's denial of benefits. *Jackson v. Bowen*, 807 F.2d 127, 128 (8th Cir. 1986). Under *Shalala v. Schaefer*,

509 U.S. 292, 302 (1993), a social security claimant who obtains a sentence-four judgment reversing the Commissioner's denial of benefits and remanding the case for further proceedings is a prevailing party.

The EAJA requires an attorney seeking fees to submit "an itemized statement ... stating the actual time expended and the rate at which fees and other expenses were computed." 28 U.S.C. § 2412(d)(1)(B). Attorneys seeking fees under federal fee-shifting statutes such as the EAJA are required to present fee applications with "contemporaneous time records of hours worked and rates claimed, plus a detailed description of the subject matter of the work." *Id.* Where documentation is inadequate, the court may reduce the award accordingly. *Hensley v. Eckerhart,* 461 U.S. 424, 433 (1983).

The EAJA is not designed to reimburse without limit. *Pierce v. Underwood,* 487 U.S. 552, 573 (1988). In determining a reasonable attorney's fee, the court will in each case consider the following factors: time and labor required; the novelty and difficulty of questions involved; the skill required to handle the problems presented; the preclusion of employment by the attorney due to acceptance of the case, the attorney's experience, ability, and reputation; the benefits resulting to the client from the services; the customary fee for similar services; the contingency or certainty of compensation; the results obtained; and, the amount involved. *Hensley v. Eckerhart*, 461 U.S. 424, 430 (1983). Further, the Court can determine the reasonableness and accuracy of a fee request, even in the absence of an objection by the Commissioner. *Clements v. Astrue*, 2009 WL 4508480 (W.D. Ark. Dec. 1, 2009); *see also Decker v. Sullivan*, 976 F.2d 456, 459 (8th Cir. 1992) ("although the issue was not raised on appeal, fairness to the parties requires an accurately calculated attorney's fee award.").

**III.    Discussion:**

In the present action, Plaintiff's case was remanded by this Court pursuant to sentence four of 42 U.S.C. § 405(g). The Commissioner does not contest Plaintiff's claim that she is the prevailing party and does not oppose her application for fees under the EAJA. ECF No. 16. The Court construes this lack of opposition to this application as an admission that the government's decision to deny benefits was not "substantially justified" and that Plaintiff is the prevailing party and entitled to receive an award under the EAJA.

**A.    Clerical Tasks:**

Defendant objects to a total of 2.30 attorney hours, arguing that the tasks performed were clerical in nature and did not require any legal expertise. ECF No. 18. We are governed by *Granville House, Inc. v. Department of HEW,* 813 F.2d 881, 884 (8th Cir. 1987), which held that work which could have been completed by support staff is not compensable under the EAJA. This case asserts that it is the task, rather than the title of the individual performing the task, that determines whether or not the task is clerical.

After reviewing counsel's itemization of time and the Defendant's objections, the undersigned finds that the following tasks are purely clerical in nature and not compensable under EAJA: receiving and reviewing NEFs confirming the filing of the Cover Sheet, Complaint, Summons, Motion to Proceed In Forma Pauperis, proof of service, and transcript. Further, I find that the Plaintiff is entitled to nominal time for reviewing the Scheduling Order. This document is a form document that is filed in every social security case pending before this Court. As such, it requires very little preparation and/or review time.

I also find the Plaintiff is entitled to compensation for drafting/preparing the complaint, summonses, motion to proceed in forma pauperis and receiving and reviewing the order scheduling

oral argument, notice of appearance by defense counsel, order granting motion to appear via telephone, notice of intent to appear at rescheduled hearing date via telephone and providing contact information, and order granting motion to reschedule. Counsel is expected to be involved in the preparation of the case commencing documents, and to review all orders and notices of appearance filed in the case.

Accordingly, Plaintiff's award will be reduced by .50 attorney hours.

### B. **Payment of EAJA fees:**

Pursuant to *Astrue v. Ratliff*, 130 S.Ct. 2521, 2528 (2010), the EAJA award should be made payable to Plaintiff. In keeping with the common practice of this Court, we will direct that the EAJA award be mailed to Plaintiff's counsel.

## IV.    **Conclusion:**

Based upon the foregoing, the undersigned awards the Plaintiff attorney fees under the EAJA in the amount of **$5,493.04** for 29.25 attorney hours for work performed in 2015 and 2016 at an hourly rate of $187.00 and $23.29 in postage expense. This amount should be paid in addition to, and not out of, any past due benefits which Plaintiff may be awarded in the future.

The parties are further reminded that, in order to prevent double recovery by counsel for the Plaintiff, the award under the EAJA will be taken into account at such time as a reasonable fee is determined pursuant to 42 U.S.C. § 406.

Dated this 17th day of March, 2017.

/s/ *Mark E. Ford*
HONORABLE MARK E. FORD
UNITED STATES MAGISTRATE JUDGE